IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **CRAIG HINES EL,** | : | **CIVIL ACTION** |
| Petitioner, | : | |
| | : | |
| v. | : | NO.   15-cv-4103 |
| | : | |
| **SUPERINTENDENT MOONEY, et al.,** | : | |
| Respondents. | : | |

### REPORT AND RECOMMENDATION

**LYNNE A. SITARSKI**
**UNITED STATES MAGISTRATE JUDGE**                                               November 13, 2015

      Before the Court is a *pro se* Petition for Writ of Habeas Corpus filed pursuant to 28 U.S.C. § 2254 by Craig Hines El ("Petitioner"), an individual currently incarcerated at the State Correctional Institution in Coal Township, Pennsylvania ("SCI–Coal Township").   For the reasons that follow, I respectfully recommend that the petition for habeas corpus be **SUMMARILY DISMISSED** as time-barred.

### I.     RELEVANT PROCEDURAL HISTORY[1]

---

[1]   The Court's recitation of the procedural history relies upon the information provided by Petitioner in his form Petition for Writ of Habeas Corpus and accompanying memorandum of law, (ECF No. 1), and his separately submitted exhibits (ECF No. 3).   The Court has also consulted the Common Pleas Court criminal docket sheets for *Commonwealth of Pennsylvania v. Craig Ryan Hines*, available at
https://ujsportal.pacourts.us/DocketSheets/CPReport.ashx?docketNumber=CP-06-CR-0001026-1994 (last visited November 13, 2015) [hereinafter "Crim. Docket I"];
https://ujsportal.pacourts.us/DocketSheets/CPReport.ashx?docketNumber=CP-06-CR-0005330-2001 (last visited November 13, 2015) [hereinafter "Crim. Docket II"], and
https://ujsportal.pacourts.us/DocketSheets with the entry of criminal docket number CP-06-CR-0004324-2001 (last visited November 13, 2015) [hereinafter "Crim. Docket III"], as well as the Superior Court criminal docket sheet, available at

1

In February 1994, Petitioner was charged in Berks County, Pennsylvania with six counts of simple assault, 18 Pa. Const. Stat. Ann. § 2701(A)(1); four counts of aggravated assault, *id*. §§ 2702 (A)(1), (A)(4); two counts of possession of a firearm, *id.* § 907(B); and other crimes.  Crim. Docket I at 1-2.  Petitioner pled guilty on March 9, 1995 to one count of possession of a firearm and one count of aggravated assault, and received a sentence of 1-to-5 years' imprisonment on the former charge, and 17-to-36 months' on the latter.  *Id*. at 2-4.  Petitioner does not challenge this conviction, but rather, the subsequent denial of parole.

Petitioner was originally sentenced to probation in lieu of serving his prison sentence.  *Id.* at 7.  However, while on probation, Petitioner was charged in Berks County, Pennsylvania with two counts of criminal homicide, 18 Pa. Const. Stat. § 2501(A); two counts of murder in the first degree, *id.* § 2502(A); two counts of murder in the third degree, *id*. § 2502(C); two counts of involuntary manslaughter, *id*. § 2504; four counts of aggravated assault, *id*. § 2701(A)(2); seven counts of criminal conspiracy, *id*. § 903(A)(1); four counts of recklessly endangering another person, *id*. § 2705; one count of possession of a weapon, *id.* §907(B); and one count of carrying a firearm without a license, *id.* § 6106(A).[2]  Crim. Docket II at 2, 7.  He was arrested on July 20, 2001, arraigned, and ordered held without bail.  *Id.* at 7.  Additionally, on August 1, 2001, Petitioner was charged with one count of making a false identification to law enforcement

---

https://ujsportal.pacourts.us/DocketSheets/Appellate.aspx with the entry of criminal docket number 360-MDA-2008 (last accessed November 13, 2015) [hereinafter "Appellate Docket."]. The Court also takes judicial notice of the decision of the Commonwealth Court in *Commonwealth v. Hines*, No. 5330-05, 2008 WL 4099114 (Pa. Ct. Com. Pl. Apr. 22, 2008).  *See Minney v. Winstead*, No. 2:12-CV-1732, 2013 WL 3279793, at *2 (W.D. Pa. June 27, 2013) ("[A] federal habeas court may take judicial notice of state court records and/or state court opinions as well as its own court records.").

[2] These charges arose out of the shooting death of Lowell Nicholas on July 1, 2000 in the city of Reading, Pennsylvania.  *Commonwealth v. Hines*, No. 5330-05, 2008 WL 4099114, at *390 (Pa. Ct. Com. Pl. Apr. 22, 2008).

authorities, 18 Pa. Const. Stat. § 4914, and one count of making an unsworn written false statement to authorities, *id.* § 4904(a)(1).[3]  Crim. Docket III at 1-2.

On August 3, 2001, a bench warrant was issued in the trial court where Petitioner had received his probationary sentence in March of 1995.  Crim. Docket I at 8.  That court held a *Gagnon II* hearing on December 10, 2001.[4]  Crim. Docket I at 8.  At the hearing, Petitioner pled guilty to violating the terms of his probation by possessing a weapon.[5]  (Pet'r's Exhs. p. 12, ECF No. 3).  Petitioner's probation was revoked, and he was resentenced to 1-to-5 years' imprisonment.  Crim. Docket I at 9; (Pet'r's Exhs. pp. 2-3, 12).  Petitioner's controlling minimum date for parole eligibility was recalculated as July 20, 2002, and his controlling maximum date became July 20, 2006.  (Pet'r's Exhs. p. 12).

In December 2003, Petitioner submitted an "Inmate Request to Staff Member" in which he requested to be released on parole because his eligible minimum sentence date, July 20, 2002, had passed.  (*Id*. at 3-4).  He was advised to take up this request with the Pennsylvania Board of Probation and Parole ("the Board").  (*Id.* at 4).

On March 10, 2004, Petitioner filed an Application for Parole with the Board.  (Pet'r's

---

[3] On January 6, 2004, Petitioner pled guilty to the charge of making an unsworn false statement.  Crim. Docket III at 2, 7.  He was sentenced to a minimum of twelve months' probation on that charge.  *Id*.

[4] A parolee is entitled to minimum due process protections because of the possible deprivation of liberty inherent in parole revocation proceedings.  *Morrissey v. Brewer*, 408 U.S. 471, 482 (1972).  In *Gagnon v. Scarpelli*, 411 U.S. 778 (1973), the Supreme Court extended the *Morrissey* holding to probation revocation proceedings.  Pursuant to *Gagnon*, when a probationer is detained pending a revocation hearing, due process requires a determination at a pre-revocation hearing — a *Gagnon I* hearing — that probable cause exists to believe that a violation has been committed.  *See Commonwealth v. Ferguson,* 761 A.2d 613, 617 (Pa. Super. Ct. 2000).  Where a finding of probable cause is made, a second, more comprehensive, *Gagnon II* hearing is required before a final revocation decision is made.  *Id.*

[5] Petitioner contends he pled *nolo contendere*.  (Pet'r's Hab Pet. ¶ 6(a), ECF No. 1).

Exhs. pp. 6-7). The Board issued a "Notice of Board Decision" which stated

> AS RECORDED ON JULY 15, 2004 THE BOARD OF PROBATION AND PAROLE RENDERED THE FOLLOWING DECISION IN YOUR CASE:
>
> FOLLOWING AN INTERVIEW AND REVIEW OF YOUR FILE BY THE [BOARD], A DECISION IN YOUR CASE IS PENDING: DISPOSITION OF CRIMINAL CHARGES – OPEN HOMICDE CHARGES.

(*Id.* at 8). Petitioner proceeded to a jury trial on the homicide and related charges in May of 2005. Crim. Docket II at 20-21. On May 20, 2005, a jury convicted Petitioner of two counts of aggravated assault, two counts of recklessly endangering another person, possession of a weapon, and carrying a firearm without a license.[6] *Id.* at 3. Petitioner was sentenced to a term of imprisonment of ten-to-twenty years' for aggravated assault, twelve-to-twenty-four months' for reckless endangerment, and twenty-four-to-forty-eight months' for possession of a weapon and carrying a firearm without a license, to be served consecutively. *Id.* at 4-6. Following these convictions, the Board recalculated Petitioner's minimum parole eligibility date to be July 19, 2020, and his maximum parole eligibility date to be July 19, 2035. (Pet'r's Exhs. p. 2).

On February 6, 2006, the Board issued a "Notice of Board Decision" on Petitioner's parole application, which stated:

> AS RECORDED ON FEBRUARY 6, 2006 THE BOARD OF PROBATION AND PAROLE RENDERED THE FOLLOWING DECISION IN YOUR CASE:
>
> DUE TO A CHANGE IN SENTENCE STRUCTURE, LIST FOR INTERVIEW WHEN ELIGIBLE ON NEWLY ESTABLISHED MINIMUM OF 07/19/20.

(*Id.* at 9). Petitioner submitted an "Inmate Request" challenging this decision on April 12, 2006.

---

[6] He was found not guilty of murder in the first or third degree, and not guilty on the conspiracy charges. The remaining charges were withdrawn. Crim. Docket II at 3.

(*Id.* at 11).   Petitioner did not otherwise challenge the February 6, 2006 decision, either through the Board's administrative appeal process or in a Pennsylvania court.[7]

On July 15, 2015, Petitioner filed a *pro se* petition for a writ of habeas corpus.   (Pet'r's *pro se* Hab. Pet., ECF No. 1).   The sole issue presented in the petition and accompanying memorandum of law is "Violation of Due Process" because the Board "never processed" Petitioner for parole on his 2004 application.   (*Id.*).

The matter was assigned to the Honorable Joseph F. Leeson, who referred it to me for a Report and Recommendation.   (Order, ECF No. 2).   After reviewing the *pro se* habeas petition, I ordered Petitioner to show cause as to why it should not be dismissed as untimely.   (Order, ECF No. 4).   The Court has received Petitioner's response, (Pet'r's Show Cause Resp., ECF No. 5), and the matter is ripe for disposition.

## II.   STANDARD OF REVIEW

Rule Four of the rules governing the adjudication of habeas petitions requires the courts to *sua sponte* dismiss a § 2254 petition without ordering a responsive pleading "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court."   28 U.S.C. § 2254 Rule 4.   Thus, "[f]ederal courts are authorized to dismiss summarily

---

[7] Petitioner filed a direct appeal of his May 2005 conviction, which was denied on August 2, 2005.   Crim. Docket II at 24.   His appeal to the Superior Court was dismissed on July 20, 2006 for failure to file a brief.   *Id.* at 24-26.   Petitioner's right to appeal his judgment of sentence was subsequently reinstated *nunc pro tunc*, but the Superior Court denied Petitioner's appeal.   *Commonwealth v. Hines*, 2008 WL 4099114, at * 392.

Petitioner filed a *pro se* motion for Post-Conviction Relief on November 29, 2010.   Crim. Docket II at 29.   Counsel was appointed, but following several changes in his representation, Petitioner was granted the right to represent himself in all PCRA proceedings.   *Id.* at 33.   As of the date of this Report and Recommendation, Petitioner's *pro se* PCRA petition remains pending in the Commonwealth Court.   *See id.* at 33-35.

any habeas petition that appears legally insufficient on its face." *McFarland v. Scott*, 512 U.S. 849, 856 (1994); *accord United States v. Thomas*, 221 F.3d 430, 437 (3d Cir. 2000) (habeas petition may be dismissed where "none of the grounds alleged in the petition would entitle [the petitioner] to relief"); *Siers v. Ryan*, 773 F.2d 37, 45 (3d Cir. 1985) (dismissal without the filing of an answer or the State court record warranted when "it appears on the face of the petition that petitioner is not entitled to relief").

Section 101 of the Antiterrorism and Effective Death Penalty Act ("the AEDPA"), Pub. L. No. 104-132, 110 Stat. 1214 (Apr. 24, 1996), amended 28 U.S.C. § 2244 to impose certain procedural requirements on state prisoners seeking federal habeas corpus relief.  First, absent unusual circumstances, a federal court may not consider the merits of a habeas corpus petition unless the petitioner has complied with the exhaustion requirement of 28 U.S.C. §2254(b)(1)(A), which requires that the petitioner give the state courts a fair opportunity to review his allegations of error before seeking relief in the federal court.  *Baldwin v. Reese*, 541 U.S. 27, 29 (2004) (citing *Duncan v. Henry*, 513 U.S. 364, 365 (1995)).  The policy of this total exhaustion doctrine is rooted in the tradition of comity: the state must be given the "initial opportunity to pass upon and correct alleged violations of the petitioner's constitutional rights."  *O'Sullivan v. Boerkel*, 526 U.S. 838, 839 (1999); *Picard v. Connor*, 404 U.S. 270, 275 (1971).

Second, the AEDPA imposes a one-year period of limitation on applications for writs of habeas corpus by persons in state custody.  *See* 28 U.S.C. § 2244(d)(1).  This limitations period begins to run from the latest of:

>  (A)   the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
>  (B)   the date on which the impediment to filing an application created by State action in violation of the Constitution or

> laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims could have been discovered through the exercise of due diligence.

*Id.* § 2244(d)(1)(A)-(D). Section 2244(d)(1)'s one-year limitation period applies to petitions challenging administrative parole decisions, in addition to petitions challenging the lawfulness of the underlying convictions. *See McAleese v. Brennan*, 483 F.3d 206, 213 n.9 (3d Cir. 2007) (noting that "most courts of appeals that have addressed the issue have held that a petition challenging an administrative decision regarding parole or imposing discipline is subject to section 2244(d)(1)"); *Wolfe v. Diguglielmo*, No. 06-5261, 2008 WL 544645, at *4 (E.D. Pa. Feb. 25, 2008) (applying limitations period to habeas petition challenging denial of parole); *see also Garrison v. Wilson*, No. 06-CV-3566, 2007 WL 2318156, at *4 (E.D. Pa. Aug. 10, 2007) (same); *Mitchell v. Dep't of Corr.*, 272 F. Supp. 2d 464, 476 (M.D. Pa. 2003) (same).

Where applicable, the one-year limitation period is tolled during the time that a valid state post-conviction review is pending. *See* 28 U.S.C. § 2244(d)(2) ("The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection."). A petitioner also may be able to overcome the time bar if he can show a basis for equitable tolling. *See Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005).

**III.     DISCUSSION**

In this case, Petitioner raises a due process challenge to the Board's decisions on his 2004 parole application.   Construing his *pro se* pleadings broadly, he argues that the Board deprived him of a liberty interest where (1) it deferred decision on Petitioner's parole application pending the resolution of his open homicide charges; and (2) recalculated his minimum and maximum eligibility dates following his 2005 convictions without considering whether he was eligible for parole in 2002.   (Pet'r's Mem. of Law 1-5).   Pursuant to Rule 4, I have screened Petitioner's *pro se* habeas petition, and I recommend that it be summarily dismissed as time-barred.

This petition challenges the denial of Petitioner's 2004 application for parole.   A challenge to the denial of parole is not a challenge to the state court "judgment," pursuant to which a state prisoner is confined; as such, the limitations period contained in § 2244(d)(1)(D) controls, and the AEDPA statute of limitations begins to run on "the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence." *See Wheeler v. Pennsylvania Bd. of Prob. & Parole*, No. 06-0559, 2007 WL 1366888, at *4 (E.D. Pa. May 4, 2007) (citing *Wilson v. Wilson*, No. 04-5194, 2005 WL 331487 at *5 n. 3 (E.D. Pa. February 9, 2005)).   The date on which the factual predicate of a claim challenging a denial of parole could have been discovered is the date on which the denial of parole becomes final, assuming the prisoner received timely notice.   *See*, *e.g., McAleese v. Brennan*, 483 F.3d 206, 212 n .9 (3d Cir. 2007).

In this case, the Parole Board issued an interim decision on July 15, 2004, holding open Petitioner's parole application pending the resolution of his 2001 homicide charges.   (*See* Pet'r's Exhs. p. 8).   This was not a final decision of the Board denying parole, and therefore is not controlling for statute of limitations purposes.   However, on February 6, 2006, the Board issued a

second decision which stated "due to change in sentence structure, list for interview when eligible on newly established minimum of 07/19/2020." (Pet'r's Exhs. p. 9). This constitutes a final resolution of his 2004 parole application. Petitioner does not contend that he failed to receive timely notice of this decision. Accordingly, the one-year limitations period began to run on February 6, 2006, and Petitioner was required to file a federal habeas petition challenging the Parole Board decision no later than February 6, 2007. Petitioner's habeas petition was filed on July 15, 2015, approximately eight years after the expiration of his statute of limitations. Therefore, absent statutory or equitable tolling, the *pro se* petition should be dismissed as untimely.

      **A.**      **Statutory Tolling**

The AEDPA provides that the federal limitations period is tolled for the time "during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending." 28 U.S.C. § 2244(d)(2). A properly filed application for state collateral relief is one submitted in compliance with the applicable rules governing filings such as the form of the document, the time limits on filing, the court and office in which it must be filed and the requisite filing fees. *Artuz v. Bennett*, 531 U.S. 4, 8 (2000).

A petitioner seeking to challenge a decision of the Board regarding parole revocation or a related issue is required to challenge the Board's decision by filing a petition for administrative review with the Board within thirty days of the mailing date of the Board's determination. *See* 37 Pa. Code § 73.1. If unsuccessful, the petitioner must then appeal the Board's decision to the Commonwealth Court by filing for a writ of mandamus. *See* 42 Pa. Cons. Stat. § 763(a). Thereafter, a petitioner must seek further review in the Pennsylvania Supreme Court before bringing a federal habeas action. *See Williams v. Wynder*, 232 F. App'x 177, 180 (3d Cir. 2007)

(not precedential); *Pagan v. Pennsylvania Bd. of Prob. and Parole*, No. 08-150, 2009 WL 210488, *3 (E.D. Pa. Jan. 22, 2009).

However, a state prisoner's challenge to Board's denial of a parole application is treated distinctly under Pennsylvania law. The Third Circuit has explained that where a Petitioner challenges the Board's denial of parole on any constitutional ground other than an alleged violation of the *Ex Post Facto* Clause, there is no state remedy available. *DeFoy v. McCullough*, 393 F.3d 439, 442-45 (3d Cir. 2005) (finding AEDPA exhaustion requirement for other constitutional challenges to denial of parole excused in light of "futility" of state remedies), *cert. denied*, 545 U.S. 1149 (2005); *see also Roman v. DiGuglielmo*, 675 F.3d 204, 209 & n.4 (3d Cir. 2012) (explaining in dicta that *DeFoy* remained good law, despite increased willingness on the part of the Pennsylvania state courts to consider constitutional claims outside the *ex post facto* context).

Petitioner has not argued that he is entitled to statutory tolling due to any state court action he may have undertaken. Rather, construing his *pro se* habeas petition broadly, Petitioner argues that because he had no available state remedies to exhaust his due process challenge to the February 2006 denial of parole, he is excused from complying with the AEDPA's timeliness requirement. (*See* Pet'r's Hab. Pet. ¶¶ 12(b), 18). This is incorrect. Petitioner relies on *DeFoy* to support this argument, but *DeFoy* addressed the AEDPA's exhaustion requirement, not the statute of limitations. Even if Petitioner was excused from complying with the AEDPA's exhaustion requirement under *DeFoy*, he remained obligated to timely file his federal habeas petition within the AEDPA limitations period.

Having independently reviewed the record, I do not find any basis to toll Petitioner's AEDPA statute of limitations in this case. Petitioner did not timely file an administrative appeal, or seek a writ of mandamus in the Commonwealth Court. Though he was not required to do so to

exhaust his due process claim, several Courts within this Circuit have found that such actions may serve to statutorily toll the one-year limitations period. *See Wolfe v. Diguglielmo*, No. 06-5261, 2008 WL 544645, at *5 (E.D. Pa. Feb. 25, 2008) (assuming without deciding that a petition for review in Commonwealth Court and subsequent request for allowance of appeal to the Pennsylvania Supreme Court would toll AEDPA statute of limitations for constitutional challenges to denial of parole); *Righetti v. Sherrer*, No.. 07-1608, 2008 WL 4755745, at *3 (D.N.J. Oct. 28, 2008) (explaining that AEDPA limitations period was statutorily tolled "during the time when Petitioner's properly-filed judicial appeals of the Parole Board's decision were pending" where Petitioner raised, *inter alia*, due process challenge to Board's denial of parole). Instead, Petitioner's only challenge to the Board's denial of his application for parole was by letter dated August 17, 2011. (Pet'r's Exhs. p. 10). In a form response dated October 28, 2011, the Board informed Petitioner that it had no power over any parole determination until his minimum eligibility date of July 19, 2020. (*Id.*). As this letter was dated after the expiration of his AEDPA statute of limitations on February 7, 2007, and is not a properly filed application for state court relief, it does not statutorily toll his federal habeas petition.

Further, Petitioner's direct appeal did not challenge the parole determination presently at issue. *See Commonwealth v. Hines*, No. 5330-05, 2008 WL 4099114 (Pa. Ct. Com. Pl. Apr. 22, 2008). Although Petitioner has a PCRA petition presently pending in the Commonwealth Court, "a PCRA petition is not the proper method for challenging the decision of the Pennsylvania Board of Probation and Parole." *See McCole v. Shannon*, No. 05-3666, 2006 WL 1160169, at *1 (E.D. Pa. Apr. 28, 2006) (quoting *Commonwealth v. LeGrande*, 567 A.2d 693, 694-695 (Pa. Super. Ct. 1989)). Accordingly, neither Petitioner's direct appeal nor pending PCRA statutorily tolled his AEDPA limitations year.

Therefore, for the foregoing reasons, I conclude that Petitioner is not entitled to statutory tolling.

### B. Equitable Tolling

The one-year filing deadline set forth in 28 U.S.C. § 2244(d)(1) is subject to equitable tolling. *See Miller v. New Jersey State Dep't of Corr.*, 145 F.3d 616, 618-19 (3d Cir. 1998). Equitable tolling is available only when "the principle of equity would make the rigid application of a limitation period unfair." *Merritt v. Blaine*, 326 F.3d 157, 168 (3d Cir. 2003) (internal quotations omitted). Equitable tolling may be applied where: (1) extraordinary circumstances have prevented the petitioner from asserting his rights, and (2) the petitioner exercised reasonable diligence in investigating and bringing his claims. *Id.* Courts should invoke equitable tolling sparingly, applying it "only in the rare situation where [it] is demanded by sound legal principles as well as the interests of justice." *LaCava v. Kyler*, 398 F.3d 271, 275 (3d Cir. 2005) (internal citations omitted). A court may equitably toll the statute of limitations only when: (1) the defendant has actively misled the plaintiff; (2) the petitioner has timely asserted his rights but in a wrong forum; or (3) the petitioner has in some extraordinary way been prevented from asserting his rights. *Jones v. Morton*, 195 F.3d 153, 159 (3d Cir. 1999).

As noted, equitable tolling is appropriate only where a petitioner demonstrates that he exercised reasonable diligence in investigating and pursuing his claims. That is not the case here. Petitioner was initially notified, in a decision dated July 15, 2004, that the Parole Board's decision on his application for parole would be deferred pending the disposition of his then-open homicide charges. (Pet'r's Exhs. p. 8). Following his convictions in 2005, Petitioner was formally notified in February 2006 that the Board would not consider his application for parole until the expiration of revised minimum date of July 19, 2020. (*Id.* at 9). Therefore, by February 2006 at

the absolute latest, Petitioner was aware of the facts necessary to challenge the Board's decisions on due process grounds. Inexplicably, he waited another nine years to pursue his federal due process claim. Petitioner has not demonstrated that he exercised reasonable diligence in bringing this claim.

Further, even if Petitioner could demonstrate reasonable diligence, he would not be entitled to equitable tolling because his *pro se* habeas petition, memorandum of law, and response to the order to show cause do not identify any exceptional circumstances as to why the one-year statute of limitations should not bar his petition.[8] In the section of his form habeas petition relating to timeliness, he explains that "[t]his is a state parole issue where petitioner is alleging the Defendant Parole Board improperly and illegally adjusted a state sentence[,] failed to give proper time credit, and failed to consider parole petitions by petitioner." (Pet'r's Hab Pet. ¶ 18). Read broadly, it appears that Petitioner believed that his petition was not subject to the AEDPA's timeliness requirement because it challenged a state parole determination. This mistaken belief is not sufficient to demonstrate extraordinary circumstances of the type necessary to excuse the AEDPA's filing requirements. *See Robinson v. Folino*, No. 05-583, 2006 WL 1438207, at *5 n.3 (W.D. Pa. Jan. 17, 2006), *report and recommendation adopted*, No. 05-583, 2006 WL 1453105 (W.D. Pa. Mar. 9, 2006) (citing *Fisher v. Johnson*, 174 F.3d 710, 714 (5th Cir. 1999) ("[I]gnorance

---

[8] Where the Court considers the timeliness of a habeas petition *sua sponte* during the Rule Four review period, the Third Circuit has instructed that the petitioner must be given notice and the opportunity to respond. *United States v. Bendolph*, 409 F.3d 155, 165 n.15 (3d Cir. 2005). In light of the nine years that have elapsed since the challenged parole determination, and in the interest of judicial economy, this Court found it appropriate to address timeliness *sua sponte* and accordingly ordered Petitioner to show why the petition should not be dismissed as untimely. *See Day v. McDonough*, 547 U.S. 198, 209 (2006) (holding that a show-cause order is an appropriate method for the court to give notice to a petitioner of the *sua sponte* raising of the statute of limitations). Petitioner's response to the Court's order to show cause fails to offer any argument relevant to timeliness, and instead merely repeats his arguments as to why he is entitled to relief on the merits. (Pet'r's Resp. Show Cause Order, ECF No. 5).

of the law, even for an incarcerated *pro se* Petitioner, generally does not excuse prompt filing."));
*Woods v. Phelps*, No. 07-347, 2008 WL 4449621, at *5 (D. Del. Sept. 30, 2008) (a petitioner's lack of legal knowledge does not constitute an extraordinary circumstance for equitable tolling purposes) (citing *Simpson v. Snyder*, 2002 WL 1000094, at *3 (D.Del. May 14, 2002)).

Accordingly, because this *pro se* petition is untimely on its face and Petitioner is not entitled to statutory or equitable tolling, I recommend that the Petition be summarily dismissed as time-barred.

## IV. CONCLUSION

For the foregoing reasons, I respectfully recommend that the petition for writ of habeas corpus be SUMMARILY DISMISSED as time-barred, without an evidentiary hearing and with no certificate of appealability issued.[9]

Therefore, I respectfully make the following:

---

[9] Petitioner has failed to show that "jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right," or that jurists of reason would find this Court's procedural rulings debatable. *See Slack v. McDaniel,* 529 U.S. 473, 484 (2000). Therefore, I recommend that no certificate of appealability shall issue.

## RECOMMENDATION

AND NOW, this     13th     day of November 2015, it is respectfully recommended that the petition for writ of habeas corpus be **SUMMARILY DISMISSED**.  It is further recommended that no certificate of appealability shall issue.

Petitioner may file objections to this Report and Recommendation. See Local Civ. Rule 72.1.  Failure to file timely objections may constitute a waiver of any appellate rights.

BY THE COURT:

   /s/ Lynne A. Sitarski
LYNNE A. SITARSKI
UNITED STATES MAGISTRATE JUDGE