UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| CRAIG HINES EL, | : |
|     Petitioner, | : |
| v. | :    No. 5:15-cv-04103 |
| MOONEY, *SUPERINTENDENT*; DISTRICT ATTORNEY OF THE COUNTY OF BERKS; and ATTORNEY GENERAL OF THE STATE OF PENNSYLVANIA, | : |
|     Respondents. | : |

**O P I N I O N**
**Report and Recommendation, ECF No. 6 - Adopted**

**Joseph F. Leeson, Jr.**      **November 16, 2017**
**United States District Judge**

## I.     INTRODUCTION

Craig Hines El filed a pro se petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254, alleging that his state probation was revoked and he was resentenced to one to five years on December 10, 2001. *See Commonwealth v. Craig Ryan Hines*, CP-06-CR-0001026-1994 ("first case"). At the time of resentencing, he had unrelated charges pending against him. *See Commonwealth v. Craig Ryan Hines*, CP-06-CR-0005330-2001 ("second case"). He was subsequently convicted in this second case and, on July 19, 2005, was sentenced to fifteen to thirty years. In his habeas petition, he complains that the Pennsylvania Board of Probation and Parole ("Board") essentially changed his sentence in the first case to a flat five-year term and denied him the opportunity to apply for parole.

Magistrate Judge Lynne A. Sitarski issued a Report and Recommendation ("R&R") recommending that the habeas corpus petition filed on July 24, 2015, be dismissed as untimely. Petitioner has filed objections to the R&R. After de novo review and for the reasons set forth below, the R&R is adopted and the habeas petition is dismissed as untimely.

## II. STANDARD OF REVIEW

When objections to a report and recommendation have been filed under 28 U.S.C. § 636(b)(1)(C), the district court must make a de novo review of those portions of the report to which specific objections are made. *Sample v. Diecks*, 885 F.2d 1099, 1106 n.3 (3d Cir. 1989); *Goney v. Clark*, 749 F.2d 5, 6-7 (3d Cir. 1984) ("providing a complete de novo determination where only a general objection to the report is offered would undermine the efficiency the magistrate system was meant to contribute to the judicial process"). "District Courts, however, are not required to make any separate findings or conclusions when reviewing a Magistrate Judge's recommendation de novo under 28 U.S.C. § 636(b)." *Hill v. Barnacle*, 655 F. App'x. 142, 147 (3d Cir. 2016). The district "court may accept, reject, or modify, in whole or in part, the findings and recommendations" contained in the report. 28 U.S.C. § 636(b)(1)(C).

## III. ANALYSIS

In the first of six objections, [1] Hines El argues that the section in the R&R titled Relevant Procedural History is misleading and erroneous. After de novo review, this Court finds no errors in the procedural history, adopts this section without change, and overrules the objection.

The second and third objections, challenging the Magistrate Judge's failure to address the merits of the habeas claims, are also overruled because the habeas corpus petition is dismissed as time-barred.

---

[1] Although this Opinion does not specifically discuss each of the arguments raised in the objections, all of the objections have been given de novo review.

To the extent that the fourth objection addresses the merits of the habeas claims, it is overruled for the same reasons. To the extent that this Court could construe the objection as raising a tolling argument, it is overruled because even if this Court were to toll the period of limitations during the time it took the Board to aggregate the sentence (until January 27, 2006), *see* ECF No. 3, the habeas petition was not filed until almost ten years later. *See* 28 U.S.C. § 2244(d)(1) (establishing a one-year period of limitation for a person in custody pursuant to the judgment of a State to file an application for writ of habeas corpus in federal court). Hines El has also failed to show that his transfer to a correctional facility in Virginia from 2009 to 2012, or that the subsequent appointment of "no less than seven attorneys" to assist him in litigating the second case upon return to the Pennsylvania Court of Common Pleas amounted to extraordinary circumstances to excuse his delay and warrant equitable tolling. *See Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005) (holding that "a litigant seeking equitable tolling bears the burden of establishing two elements: (1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way").

In his fifth objection, Hines El argues that post-trial litigation is ongoing in the second case, with which the probation revocation sentence was aggregated. The suggestion that perhaps the matter is unexhausted, however, is unpersuasive as a petitioner's challenge to the Board's denial of parole need not be exhausted, which both the Magistrate Judge and Hines El recognize. *See DeFoy v. McCullough*, 393 F.3d 439, 442-45 (3d Cir. 2005), *cert. denied*, 545 U.S. 1149 (2005). He further suggests in this objection that the Magistrate Judge concluded that his one-year period of limitations does not begin until 2020 (the minimum date for parole as determined by the Board). If true, however, the habeas petition is not yet ripe and must nevertheless be dismissed. All arguments presented in the fifth objection are therefore overruled.

For the reasons set forth herein and for those provided by the Magistrate Judge, the sixth objection, which essentially contains merits arguments and repeats previously addressed objections, is also overruled.

## IV.    CONCLUSION

After applying de novo review, this Court concludes that Magistrate Judge Sitarski correctly determined that the instant petition for writ of habeas corpus is untimely and that no exceptions to the period of limitations apply.  This Court therefore adopts the recommendation to dismiss the habeas petition as untimely, and concludes that there is no basis for the issuance of a certificate of appealability[2] because jurists of reason would not find it debatable that the petition is time-barred, and is not subject to equitable tolling.

A separate Order will be issued.


BY THE COURT:


*/s/ Joseph F. Leeson, Jr.*
JOSEPH F. LEESON, JR.
United States District Judge

---

[2]    "When, as here, the district court denies relief on procedural grounds, the petitioner seeking a COA must show both 'that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling.'" *Gonzalez v. Thaler*, 132 S. Ct. 641, 648 (2012) (quoting *Slack v. McDaniel*, 529 U.S. 473, 484 (2000)).